# VAN ARSDALE-OSBORNE BROKERAGE CO. v. PATTERSON.

No. 6329.   Opinion Filed January 11, 1916.

Rehearing Denied February 15, 1916.

(154 Pac. 1131.)

**INSURANCE—Premium Note—Consideration.**   Where the defendant gave his note for the premium on a policy of hail insurance covering his wheat, and after the application for such policy had been made, but before the policy was issued, the wheat was destroyed, **held,** that there was nothing at the time the policy was issued to insure. And, since the defendant could derive no benefit from the policy, and the insurance company could incur no liability by reason of having issued it, the note was wholly without consideration.

(Syllabus by Brett, C.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by the Van Arsdale-Osborne Brokerage Company against T. N. Patterson. Judgment for defendant, and plaintiff brings error. Affirmed.

*E. L. Foulke, C. A. Matson, J. D. Wall,* and *L. M. Gensman,* for plaintiff in error.

*W. C. Stevens,* for defendant in error.

Opinion by BRETT, C. The material facts in this case are that the plaintiff in error, which will be designated as plaintiff, sued the defendant in error, who will be designated as defendant, on a note given for the premium on a hail insurance policy. The date of the application for this policy was April 26, 1906. On the night of April 26, 1906, a hailstorm destroyed the wheat covered by this application; and the defendant immediately notified the plaintiff of this fact. But, regardless of this notice, the policy was issued on this application May 1, 1906. The defendant, under a mistaken idea that the liability of the company began on the date of the application, demanded that the company settle for the damage. The company declined to do this, but offered to return defendant's note if he would return the policy at once. He refused to return the policy, and in a lengthy correspondence covering several weeks insisted on the company settling the damage, which, in response to each of his demands, the company refused to do. When the note fell due defendant refused to pay it, and this suit was brought to collect the amount due under the terms of the note. The defendant, for answer, pleaded a failure of consideration. A trial was had to the court and a jury, which resulted in a verdict and judgment for the defendant, and from this judgment, the plaintiff appeals to this court.

As we view the case, it narrows itself down to the sole question as to whether or not there was any consideration for the note. At the time the policy was issued the plaintiff had notice that there was nothing to insure, and should not have issued the policy. On the other hand, the defendant should have returned the policy under the offer of the company that, if he would do so,

it would return his note. But the real test of the rights of the parties under these conditions is: Was the company injured, or did it incur any liability by the defendant's refusal to return the policy? We think not; for under the conditions the defendant could not derive any benefit from the policy. And under the conditions the company could not incur any liability, by reason of his failure to return the policy, for the reason that the subject-matter of the policy had been destroyed before the policy was issued. And the fact that the defendant had a mistaken idea of his rights, and thought he could hold the company liable for all damage from the date of his application, and therefore held the policy, and insisted on settlement on that theory, would not in reality change the relations or rights of the parties. It is in evidence that an agent of the company was sent to examine the defendant's wheat shortly after the issuance of this policy and during the correspondence he had with the company, and remarked to the defendant: "Young man, I find you haven't got any wheat." That statement seems to be true. And under these circumstances it can also be truthfully said that he got no insurance. And there was, therefore, no consideration for the note. Ostrander on Insurance, p. 39.

There are a number of errors assigned, which we have examined, and which we find are not well taken, and which are unnecessary to be discussed in arriving at a correct and just determination of this case.

The note being wholly without consideration, we think the judgment should be affirmed.

By the Court: It is so ordered.